IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | 4:06-cr-100 |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| ALONZO CORTEZ HICKMAN, | * | ORDER |
| | * | |
| Defendant. | * | |

Before the Court is a pro se motion for reduction of Defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive "crack" cocaine sentencing guideline amendments, filed on March 18, 2013. Clerk's No. 59. The Government filed a resistance to the motion on March 29, 2013. Clerk's No. 60. The matter is fully submitted.

On May 30, 2007, Defendant was sentenced to 120 months imprisonment on Count One, conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A).[1] Regarding this charge, Defendant stipulated to a base offense level 32, which pursuant to the then-applicable United States Sentencing Guideline §§ 2D1.1 and 2D1.6, equated to a quantity of at least 50 but less than 150 grams of cocaine base. After a three-point reduction for acceptance of responsibility, and considering Defendant's criminal history category IV, the applicable guideline range would normally have been 108 to 135 months. However, because Defendant was subject to a mandatory minimum sentence of 120 months, his applicable guideline

---

[1] Defendant was also sentenced to 120 months incarceration on Count III (possession with intent to distribute cocaine base) and to 48 months incarceration on Count II (use of communication device to facilitate a drug crime). Both of these sentences were ordered to run concurrently to Defendant's sentence on Count One. See Clerk's No. 50.

sentencing range was necessarily 120 to 135 months. *See* U.S.S.G. § 5G1.1(c) (stating that a sentence may be imposed anywhere within an applicable guideline range, provided that the sentence is "not less than any statutorily required minimum sentence").

After reviewing the Defendant's case, he is not entitled to a reduction in sentence due to the retroactive "crack" cocaine sentencing guideline amendments. Even if Defendant's base offense level and the corresponding sentencing range were lowered due to the "crack" amendments, the interplay between § 5G1.1 and the statutory mandatory minimum would still require that the low end of Defendant's guideline range be 120 months. Accordingly, Defendant was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," as required under 18 U.S.C. § 3582(c)(2). Thus, the Court is not empowered to grant the requested relief and Defendant's motion for a reduction in sentence (Clerk's No. 59) must be DENIED.

IT IS SO ORDERED.

Dated this _1st_ day of April, 2013.

_____
ROBERT W. PRATT, Judge
U.S. DISTRICT COURT